IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA : Criminal No.

v. : 3: CR 11, 0177

LIH KANG SHEN A/K/A "MICHAEL SHEN," : (FILED ELECTRONICALLY)
JOHN VINCENT FERRARO,
YOUNG JA YOUN A/K/A "MICKY,"
YU CHENG LEE A/K/A "RICKY," and
CHIN HSIA CHEN A/K/A "JUDY,"
Defendants :

FILED
SCRANTON

INDICTMENT

MAY 17 2011

The Grand Jury charges that:

PER _____
DEPUTY CLERK

Introduction

1. From on or about October 2007 until May 10, 2011, an organization of individuals led by LIH KANG SHEN A/K/A MICHAEL SHEN has operated a multi-state prostitution network within Pennsylvania, New York, New Jersey, and Maryland.

2. The conspirators arranged the transportation of women, primarily from China, Korea, Taiwan, and other Asian countries, some of whom are illegal aliens, across state lines to engage in commercial sexual acts.

3. The conspirators then harbored the women at brothels operating under the guise of legitimate business establishments such as spas or massage parlors. These establishments included the following:

A. Spa 611, Tannersville, Pennsylvania;

B. Accu Massage, Bartonsville, Pennsylvania;

C. Ichiban, Plains, Pennsylvania;

D. Oriental Body Works, Moosic, Pennsylvania; and

E. Elite Spa, Overlea, Maryland

They also used various motel rooms in New Jersey and Pennsylvania to conduct prostitution activities..

4. These businesses were advertised on billboards, web sites, and newspapers as spas or massage parlors. The advertisements were maintained by YU CHENG LEE A/K/A "RICKY," who also collected money and distributed supplies supporting the prostitution enterprise.

5. The women generally worked as prostitutes for one to two weeks at a particular location and remained inside the business establishment to avoid drawing unwarranted attention from law enforcement.

6. On a weekly or bi-weekly basis these women were then moved to a different massage parlor/brothel and were replaced with new women who themselves were cycled from other locations. This transportation was generally done by JOHN VINCENT FERRARO at SHEN's direction.

7. The massage parlor/brothel generally charged customers a "door charge" of $50 for a half hour or $60 for an hour of massage. This money was kept by SHEN and the other owners/operators.

8. Customers paid each masseuse "tips" for sexual activity. The money, earned through acts of prostitution, represented the sole source of income for these individuals.

9. As a general practice, the women employees were not paid directly by SHEN and the other owners/operators, who had knowingly established each massage parlor as a brothel.. This arrangement allowed the conspirators an opportunity to be willfully blind to the illegal activity between masseuse and customers.

10. SHEN and the other owners/operators supplied the women employees with food and supplies, such as condoms, necessary to carry out the prostitution-related activities and were in daily contact with each location in order to determine the number of customers serviced. YOUNG JA YOUN A/K/A "MICKY" coordinated issues regarding supplies and collection of money at the brothels.

11. The conspirators conducted financial transactions to launder the proceeds of their illegal activity. This included purchasing real estate and high-end automobiles. CHIN HSIA CHEN acted as nominee to conceal assets acquired by the organization and signed documents to perpetuate this activity.

**Count One**
**(18 U.S.C. § 371–Conspiracy with multiple objectives)**

12. All preceding paragraphs of this Indictment are incorporated by reference as though fully set forth within.

13. On or about October 2007 to May 10, 2011, in the Middle District of Pennsylvania, and elsewhere, defendants,

**LIH KANG SHEN A/K/A "MICHAEL SHEN,"**
**JOHN VINCENT FERRARO,**
**YOUNG JA YOUN A/K/A "MICKY,"**
**YU CHENG LEE A/K/A "RICKY," and**
**CHIN HSIA CHEN A/K/A "JUDY,"**

knowingly and willfully combined, conspired, confederated, and agreed with each other and other persons known and unknown to the Grand Jury, to commit offenses against the United States, including (a) traveling and transporting in interstate commerce in aid of racketeering, in violation of Title 18, United States Code, Section 1952; (b) transporting any individual in

interstate commerce with intent that such individual engage in prostitution, in violation of Title 18, United States Code, Section 2421; and (c) persuading, inducing, and enticing any individual to travel in interstate commerce to engage in prostitution, in violation of Title 18, United States Code, Section 2422(a).

*Manner and Means*

14. It was part of the conspiracy that the defendants would persuade, induce, and intice women to travel in interstate commerce for the purpose of prostitution.

15. It was further part of the conspiracy that the defendants would transport women in interstate commerce for the purpose of prostitution.

16. It was further part of the conspiracy that the defendants would travel in interstate commerce and use the mail and the facilities of interstate commerce, such as telephones and the Internet, for the purpose of supporting the prostitution enterprise.

*Overt Acts*

17. In furtherance of the conspiracy and to effect its objects, the following overt acts, among others were committed in the Middle District of Pennsylvania and elsewhere:

A. On or about March 7, 2011, a woman, "C," was transported by commercial airline flights from New Orleans, Louisiana, to Wilkes-Barre, Pennsylvania, in order to work in massage parlors/brothels.

B. On or about March 14, 2011, SHEN instructed FERRARO by phone to transfer women among massage parlor locations, including transporting one woman to Maryland.

C. On March 15, 2011, FERRARO delivered a woman, baggage, and supplies to Elite

Spa in Overlea, Maryland.

D. On or about March 18, 2011, SHEN discussed during a phone conversation with YOUN whether law enforcement had found the "tool," that is condoms, and whether a woman, "A," was arrested because she did not have a green card.

E. On or about March 20, 2011, a woman called SHEN on his cell phone, referred to him as "boss," and stated that she had arrived at the new location, but the woman there did not tell her where the condoms were.

F. On or about March 20, 2011, SHEN called to ask a woman where she put the condoms. The woman replied, "inside the Saran wrap papers on top of the refrigerator."

G. On or about March 28, 2011, SHEN discussed with a woman the number of customers at a location and told her to tell the Thai girl that each worker needed to give $20 to buy "tools" [condoms].

H. On or about March 29, 2011, SHEN discussed with LEE his picking up the money at three stores.

I. On or about March 30, 2011, SHEN inquired if LEE had posted an advertisement. LEE said that he did and that he would try to order the Internet service.

J. On or about April 12, 2011, FERRARO drove from Pennsylvania to a motel in Morris Plains, New Jersey, where he picked up a woman; he then traveled to Parsippany, New Jersey, and then to a motel in Fort Lee, New Jersey, where the woman exited his vehicle, and he picked up another woman.

K. On or about April 15, 2011, SHEN told CHEN to go to his house and pick up the money and the check from YOUN; he also told her that he forgot to ask her (CHEN) to deposit the money into another account.

L. On or about April 25, 2011, SHEN had a telephone discussion with a woman looking for employment in a "real" [legitimate] message parlor. SHEN told her that this [employment with him] was not what she was looking for.

All in violation of Title 18, United States Code, Section 371.

**The Grand Jury further charges that:**

**Count Two**
**(18 U.S.C. § 1952–Interstate and foreign travel or transportation in aid of racketeering enterprise)**

18. All preceding paragraphs of this Indictment are incorporated by reference as though fully set forth within.

19. On or about October 2007 to May 10, 2011, in the Middle District of Pennsylvania and elsewhere, defendants,

**LIH KANG SHEN A/K/A "MICHAEL SHEN,"**
**JOHN VINCENT FERRARO,**
**YOUNG JA YOUN A/K/A "MICKY,"**
**YU CHENG LEE A/K/A "RICKY," and**
**CHIN HSIA CHEN A/K/A "JUDY,"**

traveled in interstate commerce from the state of Pennsylvania to the states of Maryland, New York, and New Jersey; used the United States mail; and used facilities in interstate and foreign commerce, namely cellular telephone service facilities and the Internet, with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of an unlawful activity, that is, prostitution in violation of federal and state law, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity, and aided and abetted such conduct..

All in violation of Title 18, United States Code, Sections 952(a)(3) and 2 and *Pinkerton v. United States*, 328 U.S. 640, 66 S. Ct. 1180, 90 L. Ed. 1989 (1946) (*Pinkerton* liability).

**The Grand Jury further charges that:**

**Count Three**
**(18 U.S.C. § 2421–Transportation generally)**

20. All preceding paragraphs of this Indictment are incorporated by reference as though fully set forth within.

21. On or about March 7, 2011, in the Middle District of Pennsylvania and elsewhere, defendants,

**LIH KANG SHEN A/K/A "MICHAEL SHEN,"**
**JOHN VINCENT FERRARO,**
**YOUNG JA YOUN A/K/A "MICKY,"**
**YU CHENG LEE A/K/A "RICKY," and**
**CHIN HSIA CHEN A/K/A "JUDY,**

knowingly transported a woman, "C," in interstate commerce from Louisiana to Pennsylvania with intent that "C" engage in prostitution and sexual activity for which a person can be charged with a criminal offense, and aided and abetted such conduct.

All in violation of Title 18, United States Code, Sections 2421 and 2 and *Pinkerton v. United States*, 328 U.S. 640, 66 S. Ct. 1180, 90 L .Ed. 1989 (1946) (*Pinkerton* liability).

**The Grand Jury further charges that:**

**Count Four**
**(18 U.S.C. § 2422(a)--Coercion and enticement)**

22. All preceding paragraphs of this Indictment are incorporated by reference as though

fully set forth within.

23. On or about October 2007 to May 10, 2011, in the Middle District of Pennsylvania and elsewhere, defendants,

**LIH KANG SHEN A/K/A "MICHAEL SHEN,"
JOHN VINCENT FERRARO,
YOUNG JA YOUN A/K/A "MICKY,"
YU CHENG LEE A/K/A "RICKY," and
CHIN HSIA CHEN A/K/A "JUDY,**

did knowingly persuade, induce, entice and coerce any individual to travel in interstate and foreign commerce to engage in prostitution and any sexual activity for which any person can be charged with a criminal offense, and aided and abetted such conduct..

All in violation of Title 18 United States Code Sections 2422(a) and 2 and *Pinkerton v. United States*, 328 U.S. 640, 66 S. Ct. 1180, 90 L. Ed. 1989 (1946) (*Pinkerton* liability).

**The Grand Jury further charges that:**

**Count Five
(18 U.S.C.§ 2424–Filing factual statement about alien individual)**

24. All preceding paragraphs of this Indictment are incorporated by reference as though fully set forth within.

25. On or about October 2007 to May 10, 2011, in the Middle District of Pennsylvania and elsewhere, defendants,

**LIH KANG SHEN A/K/A "MICHAEL SHEN,"
JOHN VINCENT FERRARO,
YOUNG JA YOUN A/K/A "MICKY,"
YU CHENG LEE A/K/A "RICKY," and
CHIN HSIA CHEN A/K/A "JUDY,**

kept, maintained, controlled, supported, and harbored for the purpose of prostitution and for any other immoral purposes, any individual, knowing and in reckless disregard of the fact that the individual is an alien; did not file with the Commissioner of Immigration and Naturalization or person required by law a statement in writing setting form the name of such individual, the place at which that individual is kept, and all facts as to the date of that individual's entry into the United States, the port through which that individual entered, that individual's age, nationality, and parentage, and concerning that individual's procuration to comet to this country within the knowledge of such person; and failed within five business days after commencing to keep, maintain, control, support, and harbor in any house and place for purpose of prostitution and for any other immoral purpose, any alien individual to file such statement concerning such alien individual with the Commissioner of Immigration and Naturalization or person required by law, and aided and abetted such conduct.

All in violation of Title 18, United States Code, Sections 2424 and 2 and *Pinkerton v. United States*, 328 U.S. 640, 66 S. Ct. 1180, 90 L. Ed. 1989 (1946) (*Pinkerton* liability).

**The Grand Jury further charges that:**

**Count Six**
**(18 U.S.C. § 1956(h)–Money laundering conspiracy)**

26. All preceding paragraphs of this Indictment are incorporated by reference as though fully set forth within.

27. From October 2007 until May 10, 2011, in the Middle District of Pennsylvania and elsewhere, defendants,

**LIH KANG SHEN A/K/A "MICHAEL SHEN,"**
**JOHN VINCENT FERRARO,**

### YOUNG JA YOUN A/K/A "MICKY,"
### YU CHENG LEE A/K/A "RICKY," and
### CHIN HSIA CHEN A/K/A "JUDY,

knowingly and willfully combined, conspired, confederated, and agreed with each other and other persons known and unknown to the Grand Jury to commit certain offenses against the United States as follows:

A. Knowing that the property involved in a financial transaction represented the proceeds of some form of unlawful activity, to knowingly conduct and attempt to conduct a financial transaction which in fact involved the proceeds of the specified unlawful activity, knowing that the transaction was designed in whole and in part with the intent to promote the carrying on of the specific unlawful activity, prostitution--transporting, recruiting, and harboring a person for commercial sex acts, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i); and

B. To knowingly engage and attempt to engage in one or more monetary transaction(s) in criminally derived property that was of a value greater than $10,000 and which was derived from specified unlawful activity, prostitution--transporting, recruiting, and harboring a person for commercial sex acts, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Sections 1956(h).

### Forfeiture
### (18 U.S.C. §§ 981, 982)

28. All preceding paragraphs of this Indictment are incorporated by reference for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 18, United States Code, Sections 981 and 982.

29. Upon conviction of any of the offenses alleged in Counts One through Six of this

Indictment, defendants,

**LIH KANG SHEN A/K/A "MICHAEL SHEN,"
JOHN VINCENT FERRARO;
YOUNG JA YOUN A/K/A "MICKY;
YU CHENG LEE A/K/A "RICKY,"; and
CHIN HSIA CHEN A/K/A "JUDY,"**

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Section 982, and Section 2428, and Title 28, United States Code, Section 2461, any property, real or personal, constituting or derived from proceeds obtained directly or indirectly, as a result of the said violation of the aforesaid offenses, including but not limited to the following:

A. United States currency and all interest and proceeds traceable thereto, in that such sum, in the aggregrate, is property which was involved in the aforestated offenses and is traceable to such property in violation of Title 18, United States Code, Section 371, 2421, 2422, 2424, 1956, and/or 1957;

B. Approximately $37,848 U.S. Currency seized from 106 Fox Chase Road, Stroudsburg, Pennsylvania;

C. Approximately $759 U.S. Currency seized from 3 Warner Road, Tannersville, Pennsylvania;

D. Approximately $120 U.S. Currency seized from Bear Auto Salon, 944 North 9th Street, Stroudsburg, Pennsylvania;

E. Approximately $3,528 U.S. Currency seized from Spa 611, PA State Route 611, Tannersville, Pennsylvania;

F. Approximately $5,125 U.S. Currency seized from Accu Massage Spa, PA State Route 611, Bartonsville, Pennsylvania;

G. Approximately $770 U.S. Currency seized from Fountain Spa, PA State Route 611, Swiftwater, Pennsylvania;

H. Approximately $420 U.S. Currency seized from Ichiban Spa, 1325 North River Road, Plains, PA;

I. Approximately $1,629 U.S. Currency seized on May 10, 2011 and $4,802.00 U.S. Currency seized on March 18, 2011 at Oriental Body Works, 4215 Birney Avenue, Moosic, Pennsylvania;

J. Approximately $150 U.S. Currency seized from Fuji Spa, 2 Valhalla Drive, East Stroudsburg, Pennsylvania ;

K. Approximately $280 U.S. Currency seized from the Rodeway Inn, Room 603, 1151 Bulldog Drive, Allentown, Pennsylvania;

L. Approximately $1,564.00 U.S. Currency seized from Lih Kang Shen a/k/a Michael Shen on May 10, 2011;

M. Any and all monies obtained from any settlement in favor of defendants derived from *Ping Wang v. Porsche Cars of North America, Inc., c/o Corporation Process Company*, filed in the Philadelphia Court of Common Pleas and docketed to No. 1522 of the 2010 May Term consisting of $62,081.71 minus attorney's fees;

N. Real Property located at 106 Fox Chase Road, Stroudsburg, Pennsylvania;

O. Contents of Citibank ▓▓▓▓ on May 10, 2011;

P. Contents of Citibank ▓▓▓▓ ; on May 10, 2011

Q. Contents of ESSA Bank and Trust ▓▓▓▓ approximately $2,394.56

R. Contents of HSBC Safe Deposit Box ▓▓▓▓ located at Elmhurst; Branch, 87-03 Queens Blvd, Elmhurst, New York, approximately $79,960.00;

S. Contents of Wayne Bank Checking ▇▇▇▇▇▇▇▇ approximately $4,598.62;

T. Contents of Wayne Bank Safe Deposit Box ▇▇▇▇▇▇▇▇ approximately $99,900.00;

U. Contents of Citibank Safe Deposit Box ▇▇▇ at the Citibank Branch in Forest Hills, New York, approximately $80,000.00;

V. Two Sony Bravia Televisions ▇▇▇▇▇▇▇▇▇▇▇▇ seized from the 106 Fox Chase Road, Stroudsburg, Pennsylvania;

W. One Rolex Watch Serial Number ▇▇▇▇ seized from 106 Fox Chase Road, Stroudsburg, Pennsylvania;

X. One 2011 BMW 550i automobile bearing ▇▇▇▇▇▇▇▇▇▇

Y. Approximately $3,790 U.S. Currency seized from the Courtesy Inn, 2165 Route 4, Fort Lee, New Jersey; and

Z. Approximately $610.00 U.S. Currency seized from the Econolodge, Route 10 East, Whippany, New Jersey.

30. If any of the above-described forfeitable property, as the result of any act or admission the Defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold, sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Courts; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be derived without difficulty; it is the intent of the United States pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other substitute property of said defendant up to the value of the forfeitable property described above to the United States

of America pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
Foreperson

_____
PETER J. SMITH
United States Attorney

Dated: May 17, 2011